JONES, P.J., and ADAMS, J., concur.

**Kenneth A. JONES and Ann M. Jones, Raymond Goldsmith and Linda Goldsmith, and Dwaine Raymond and Lavonne Raymond, Appellees,**

v.

**Robert J. HERALD and Peggy J. Herald, Appellants.**

No. 83575.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 16, 1994.

John M. Gerkin, Jenks, for appellants.

Ted J. Nelson, Tulsa, for appellees.

## OPINION

HUNTER, Judge:

Appellees filed suit to enjoin and restrain Appellant from violating the restrictive covenants created by the housing subdivision developer (Developer). In particular, Appellants alleged that Appellees were in violation of Section 9, which states:

> Roofs: No composition shingles will be permitted on any structure erected on a lot. **However certain now existing and future types of synthetic or natural roofing materials may be used upon the written approval of the Developer or his duly authorized representative.** Other roofing materials shall be restricted to:
> a.  Cedar Shingles
> b.  Slate
> c.  "Built-up roof", tar and gravel will be permitted on contemporary style residence.
>
> Any other roofing materials recommended to be used must be approved by the Developer prior to start of construction. (emphases ours).

1. The record reveals that a majority of the lot owners amended six sections of the protective covenants in 1990. Section 9 was not one of the amended sections.

2. 60 O.S.1991 § 856, in pertinent part: Any person owning property in a real estate development

## STANDARD OF REVIEW

In the instant case, both parties filed motions for summary judgment. The trial court granted Appellees' motion and denied Appellants' motion. When a matter is presented to the trial court by documentary evidence only, the appellate court sits as a court of first instance and is free to substitute its judgment for the judgment rendered below. *Loffland Brothers Co. v. Overstreet*, 758 P.2d 813, 817 (Okl.1988).

## FACTS

The facts are not in dispute. The ninth restrictive covenant, concerning roofs, had not been amended although the certificate of protective covenants and restrictions, Section 16, allows a majority of lot owners to change or vacate any or all of the restrictions, in whole or in part.[1]

Appellants installed a Masonite roof on their house. Masonite's product, called "Woodruff" shingles, is apparently only 50% wood. After Appellees filed this lawsuit, Appellants received written approval for use of this material from the developer.

In their motion for summary judgment, Appellees first asserted that they were entitled to bring the lawsuit pursuant to 60 O.S.1991 § 856.[2] We agree.

Next Appellees claimed that the restrictive covenants were not ambiguous as a matter of law. Both sides of the lawsuit used Section 9 of the Certificate in support of their respective positions. Neither side claimed this section was subject to more than one meaning, but they differed on where they placed emphases. Ambiguity of the covenant is not a disputed legal issue.

For their third assertion, Appellees stated that Developer's after-the-fact authorization was ineffectual as a matter of law. In sup-

shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions.

port, Appellees first claimed that Developer was suspended from his right to do business in Oklahoma because of a failure to comply with the requirements of the Oklahoma Franchise Tax Act. Appellants countered, however, with a certificate of "in good standing" issued by the Oklahoma Secretary of State.

Appellees next reasoned that because Developer no longer had any right, title or interest in the lots, then it had somehow lost its power to unilaterally approve a particular roofing material. We note that there is no evidence showing that Developer had no right or title in the property. Even if that were the case, however, it is clearly within the hands of a majority of the lot owners to amend the covenant. As Appellees argue, we must construe the covenants strictly. *Sanditen Investments Ltd. v. Tomlinson*, 447 P.2d 738 (Okl.1968) (syllabus by the court).

For their third proposition, Appellees contended that if the court "ratified" Developer's Authorization, it would do so through violation of the Rule Against Perpetuities. We find, however, the Rule Against Perpetuities is inapplicable to the instant facts because the duration of time in which Developer can unilaterally amend the covenants involves neither a future interest nor is it "aimed at preventing restrictions on alienation" of property. *Producers Oil Co. v. Gore*, 610 P.2d 772, 774 (Okl.1980). The lot owners' interest in their property has vested. The court erred when it found Developer's Authorization "of no force or effect."

Appellees' last two legal arguments in support of their motion for summary judgment amounted to preemptive strikes against positions Appellees anticipated being raised by Appellants. Appellees asserted that the Protective Covenant about roofs did not violate public policy and that "cedar" shingles were not the same as "any wood roofing material." Having found that the court erred in holding the authorization had no force and effect, however, even if these two arguments were relative to the inquiry, they are no longer pertinent.

We specifically find that it did not matter that the authorization was not obtained until after the re-roofing had begun. The neighborhood homeowners had no right to notice of Appellees' chosen roofing materials nor could they protest it. The Developer retained the right to approve various roofing materials until a majority of the lot owners amended their covenants to change that authority. For these reasons, we reverse the trial court's order granting summary judgment in favor of Appellees and remand this matter to the trial court with directions to enter summary judgment in favor of Appellees.

REVERSED AND REMANDED WITH DIRECTIONS.

GARRETT, V.C.J., and ADAMS, J., concur.